People v Martin (2026 NY Slip Op 01413)

People v Martin

2026 NY Slip Op 01413

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ. 

Ind No. 1369/21|Appeal No. 6085|Case No. 2023-02074|

[*1]The People of the State of New York, Respondent,
vMichael Martin, Defendant-Appellant.

Law Office of Lawrence LaBrew, New York (Lawrence P. LaBrew of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Addison Eisley of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan Merchan, J.), rendered April 13, 2023, as amended April 20, 2023, convicting defendant, after a jury trial, of attempted assault in the first degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to three concurrent terms of fourteen years, unanimously affirmed.
The court properly determined that 172 days were chargeable to the People, and therefore defendant's right to a speedy trial under CPL 30.30(1)(a) was not violated (see People v Humphrey, 231 AD3d 413 [1st Dept 2024], lv denied 42 NY3d 1080 [2025]; People v Solano, 206 AD3d 432, 433 [1st Dept 2022], lv denied 39 NY3d 1076 [2023]).
The People did not establish that the police officer possessed sufficient familiarity with defendant to render his identification of defendant on the surveillance footage helpful to the jury (see People v Mosley, 41 NY3d 640, 648 [2024]). The officer did not know defendant before defendant's arrest and spent time with him only while defendant was in custody. Furthermore, there was no testimony indicating that the quality of the surveillance video would have made it difficult to identify defendant (id. at 649, 652). However, any error in admitting the officer's testimony was harmless in light of the overwhelming evidence of defendant's guilt (id. at 652-653).
The People were not required to give identification notice pursuant to CPL 710.30(1)(b) regarding in-court identification testimony by two witnesses who were familiar with defendant and did not identify him in any police-arranged procedure (see People v DeJesus, 192 AD3d 561, 561 [1st Dept 2021], lv denied 37 NY3d 964 [2021]).
The court did not err in denying defendant's request for a missing witness charge regarding two eyewitnesses, where the witnesses, who adamantly refused to testify at trial, were unavailable and not in the People's control (see generally People v Savinon, 100 NY2d 192, 196 [2003]; People v Gonzalez, 68 NY2d 424 [1986]; see People v Bush, 189 AD3d 643, 644 [1st Dept 2020]; People v Hernandez, 256 AD2d 18, 19 [1st Dept 1998], lv denied 93 NY2d 874 [1999]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026